IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARGARET HAULE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-494-RP |
| | § | |
| MOVE AUSTIN FORWARD, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Move Austin Forward's ("AF")[1] Motion for Summary Judgment, (Dkt. 29), and associated briefing, (Resp., Dkt. 30; Reply, Dkt. 31), as well as Plaintiff Margaret Haule's ("Haule") Motion to Strike Defendant's ADR Report, (Dkt. 36), and AF's response, (Dkt. 37). Haule is proceeding pro se in this matter. After considering the parties' arguments, the facts in the record, and the relevant law, the Court grants AF's motion for summary judgment, rendering Haule's motion to strike moot.

## I. BACKGROUND

In this employment discrimination case, Haule alleges that she applied for a position as a field organizer, "also known as a 'canvasser,'" with AF, a "now-terminated political action committee," on September 28, 2016. (Mot. Summ. J., Dkt. 29, at 2; Compl., Dkt. 1, at 3, 5). "The stated objective criteria for field positions," such as the one for which Haule applied, "were a working cell phone and a preference for a reliable working vehicle." (Answers to 1st Set of Interrogatories, Dkt. 37-1, at 2). Haule states that she spoke on the phone with AF's "Field

---

[1] AF states that it was "erroneously designated" "Move Austin Forward." (1st Mot. Dismiss, Dkt. 13, at 1).

1

Director," who "said [her] resume looked impressive and wanted [her] to come in for an interview." (Compl., Dkt. 1, at 5). Shortly after, in Haule's telling:

> [H]e called me back and said that I didn't have to come in. He had spoken to the Finance Director . . . and she had said that they didn't have a budget to accommodate to hire additional people. They were already maxed out and they couldn't hire me[.] He said my resume was impressive and apologized for any inconvenience it caused.

(*Id.*). AF explains that, "independently of Haule, [its] finance director had made a business decision to discontinue hiring any additional staff (including canvassers) at the time Haule applied. (Mot. Summ. J., Dkt. 29, at 2). AF "did not hire anyone else for any position after Haule applied," and "did not seek or consider applications for any position after it decided not to interview Haule." (*Id.*). Haule, who is black, argues that AF's decision not to hire her was an act of racial and gender discrimination and retaliation. (*Id.* at 2–3, 6).

Haule also alleges racially discriminatory behavior on the part of AF's "Campaign Director," Jim Wick ("Wick"), and details a number of ostensibly racially motivated decisions he made in his capacity at AF and with a previous organizing campaign. (Compl., Dkt. 1, at 5–6). She separately maintains that he used City of Austin resources "for personal reasons" and "later obtained a job" with the City. (*Id.* at 5). Because the majority of these allegations do not meaningfully affect the Title VII analysis, *see infra* Part III, the Court does not detail them further.

AF's motion for summary judgment is the third dispositive motion it has filed in this case. The first, a motion to dismiss, argued that because Title VII only authorizes claims against "employers," which must have 15 or more employees, and because Haule did not specify the number of employees AF had, her complaint should be dismissed for failure to state a claim. (1st Mot. Dismiss, Dkt. 13 at 1–2 (citing 42 U.S.C. § 2000e)). The Court granted AF's motion, but considering Haule's pro se status, allowed her to amend her complaint to address the deficiency. (Order, Dkt. 15, at 3–4 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

2

Haule then filed an "Amended Pleading in Response to the Order," in which she provided additional detail about the putative number of AF employees. (Dkt. 16). In response, AF filed a second motion to dismiss, asserting the same argument concerning the number of employees even in light of Haule's additional information. (2d Mot. Dismiss, Dkt. 17, at 2–3). In the alternative to dismissal, it requested summary judgment in its favor. (*Id.* at 3). The Court denied the motion on the grounds that the test for determining whether the people who worked for AF were employees (counting toward Title VII applicability) or independent contractors (not counting) was too fact-intensive to resolve at the motion-to-dismiss stage, viewing the facts that were in the record at that point in the light most favorable to Haule. (Order, Dkt. 21, at 4–5 (citing *Muhammad v. Dall. Cty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007))). The Court did not address AF's desired alternative relief of summary judgment. (*See id.*).

AF once again renews its argument that it is not an "employer" within the meaning of Title VII in the motion for summary judgment now before the Court. (Dkt. 29). It maintains that it "always had fewer than 15 employees (and almost all of its independent contractors only worked for approximately 11 weeks)," and therefore that Haule could not have suffered an adverse employment action. (*Id.* at 1–4). Moreover, AF asserts, it neither filled the position for which Haule applied nor hired anyone for any position after she applied, so she cannot establish a prima facie case of employment discrimination. (*Id.* at 1, 4–5). Haule responds that Wick "was a City of Austin employee and conducted [the actions at issue in this case] as a City of Austin employee which establishes a nexus." (Resp. Mot. Summ. J., Dkt. 30, at 1). She further argues that AF retaliated against her by disputing the schedule for and participation in mediation and that she is waiting on the results of a public information request to the City of Austin that is "vital to [her] suit." (*Id.* at 2).

AF, in turn, denies that Wick was employed by the City at the time of Haule's application. (Reply Mot. Summ. J., Dkt. 31, at 2). Even if he were, AF argues, it would be irrelevant: Haule sued AF, not the City of Austin. (*Id.*). AF also points out that Haule does not address its argument about the lack of an adverse employment action and that the information Haule seeks from public records has no bearing on the legal issues presented in this case. (*Id.*). And it describes Haule's characterization of a "mediation scheduling dispute" as retaliation within the ambit of Title VII as "frivolous." (*Id.* at 2 n.1).

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995).

Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary

judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Furthermore, the nonmoving party is required to identify specific evidence in the record and to articulate the precise way that evidence supports her claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 allows the court to "consider other materials in the record" in addition to what the parties cite as evidence. Fed R. Civ. P. 56(c)(3). But it does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmoving party's opposition to the motion for summary judgment. *Adams*, 465 F.3d at 164.

After the nonmoving party has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find in its favor, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 175 (5th Cir. 2000). When the nonmoving party does not respond, the Court treats the facts the moving party has raised as "undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2); *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Still, the court must view the summary judgment evidence in the light most favorable to the nonmoving party. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## III. ANALYSIS

First, the Court assesses the threshold issue: is AF an "employer" within the meaning of Title VII? Because the Court finds that AF does not meet the applicable statutory definition of "employer," it does not reach the remainder of AF or Haule's arguments.

Title VII makes it "an unlawful employment practice for an *employer* . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e–2(a)(1) (emphasis added). It defines the term "employer," in relevant part, as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the

5

current or preceding calendar year, and any agent of such a person." *Id.* § 2000e(b). Congress specifically included this numerosity requirement "[t]o spare very small businesses from Title VII liability." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006).

Title VII goes on to define the term "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(f). In order to determine whether a person is an employee or independent contractor for Title VII purposes, the Court applies the hybrid economic realities/common law control test that the Fifth Circuit has adopted. *See Muhammad*, 479 F.3d at 380 (5th Cir. 2007). "The most important component of this test is '[t]he right to control the employee's conduct,'" "'focus[ing] on whether the employer has the right' to hire, fire, supervise, and set the work schedule of the employee." *Id.* (quoting *Deal v. State Farm Cty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 119 (5th Cir. 1993)). The economic realities component evaluates whether the alleged employer "paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* (quoting *Deal*, 5 F.3d at 119). If the application of this test shows that the person is not an employee, but rather an independent contractor, Title VII's protections do not apply. *Diggs v. Harris Hosp.–Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988); *Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160–61 (5th Cir. 1986).

AF argues that the campaign finance report Haule attached to her amended pleading, (Dkt. 16-1), confirms its contention that it had only four employees, to whom it paid salaries, and 17 independent contractors, 16 of whom worked in the canvassing role for which Haule applied. (Mot. Summ. J., Dkt. 29, at 2). AF states that it gave the 16 canvassers, some of whom had other jobs and were students, "complete freedom to create their own schedules to canvas neighborhoods" and left them to "operate[] independently without any direct supervision." (*Id.*). They did not receive employment benefits and "were required to arrange their own transportation to perform work." (*Id.*). AF contrasts this role with its four salaried workers, who "were expected to show up for a

6

certain time, were not allowed to work for other employers, and received paid vacation and sick days." (*Id.*). Haule does not respond to these characterizations. (*See* Resp. Mot. Summ. J., Dkt. 30). Consequently, the Court treats them as undisputed. *See* Fed. R. Civ. P. 56(e)(2); *Eversley*, 843 F.2d at 174.

Applying the hybrid economic realities/common law control test, the Court finds that on these facts, the canvassers were not employees.[2] While AF had the power to hire (and presumably, to fire) the canvassers, it did not supervise them or set their work schedules. *See Muhammad*, 479 F.3d at 380. AF paid the canvassers but did not provide benefits. It set only the broadest possible terms and conditions of employment. And even if they could reasonably be considered employees, they did not work for AF for the length of time that Title VII requires for coverage, falling short of "twenty . . . calendar weeks." 42 U.S.C. § 2000e.

Haule does respond, though, that because Wick "was a City of Austin employee," and was involved in the events giving rise to this case "as a City of Austin employee," it "establishes a nexus." (Resp. Mot. Summ. J., Dkt. 30, at 1). Haule appears to argue that Austin, rather than AF, is the "employer" at issue. In its reply, AF denies that Wick was an Austin employee at the time and highlights the fact that Haule sued AF, "a political action committee separate and distinct from the City." (Reply Mot. Summ. J., Dkt. 31, at 2). Even viewing the facts in the light most favorable to Haule, the Court determines that the putative employer at issue here is AF, not Austin. Even if Wick were an Austin employee, the question is whether *AF* was an employer for Title VII purposes. Haule's claim about a "nexus" is unsupported by law.

---

[2] The Court previously declined to conclude whether the canvassers were "properly classified as employees or independent contractors, citing the need to view the facts Haule alleged in her complaint in the light most favorable to her on a motion to dismiss and the obligation to construe pro se litigants' briefings liberally. (Order, Dkt. 21, at 4–5). Because the Court now applies the summary-judgment standard, and because Haule has been afforded the opportunity to plead additional facts (and did), (*see* Am. Pleading, Dkt. 16), the Court reaches a different conclusion here.

The Court therefore holds that AF is entitled to summary judgment as a matter of law on Haule's Title VII claims. There is no genuine dispute of material fact that AF was not an "employer" within the ambit of Title VII and thus not subject to Title VII liability.

## IV.  CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that AF's Motion for Summary Judgment, (Dkt. 29), is **GRANTED**. Haule's Motion to Strike Defendant's ADR Report, (Dkt. 36), is **MOOT**. The Court will render final judgment in a separate order.

**SIGNED** on April 6, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE